In the Matter of ERNEST M. DIMOWITZ et al., Appellants, et al., Petitioners, *v.* TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK et al., Respondents.

First Department, April 30, 1963.

*Benjamin M. Zelman* of counsel (*Zelman & Zelman,* attorneys), for appellants.

*Isidore Heyman* of counsel (*Seymour B. Quel* and *Joseph M. Callahan, Jr.,* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondents.

*Per Curiam.* Appellants are presently employed by the Board of Education of the City of New York and are contributors under the retirement system administered by the Teachers' Retirement Board of the City of New York (hereinafter referred to as the Board), one of the two respondents herein. In computing the length of service of a contributor for retirement purposes the Board is required to give him credit for all " city-service ", which is defined as " any service as an employee of the city or of any department, bureau, board or corporation thereof, or of the counties within the city " (Administrative

Code of City of N. Y., §§ B20–1.0, B20–4.0). Appellants demanded such credit for periods ending December 31, 1937, during which they had worked as social investigators for the Emergency Relief Bureau (see L. 1931, ch. 798; L. 1932, ch. 567; L. 1933, chs. 9, 259). The Board's refusal of the demands of three of the appellants, upon the ground they were not in city-service, and its inaction in the case of Seligman, the fourth, prompted this proceeding under article 78 of the Civil Practice Act.

It is not suggested to us that, in performing their duties for the bureau, appellants were themselves receiving work relief (cf. *Matter of Social Investigator Eligibles Assn.* v. *Taylor,* 268 N. Y. 233). Taking *Matter of Bacom* v. *Conway* (294 N. Y. 245, 253) as our guide in reviewing the legislation relating to the bureau (and, see, *Matter of Shea* v. *Falk,* 10 A D 2d 142, 144, affd. 8 N Y 2d 1071), we find that appellants were in city-service during the periods in question. The bureau was composed of persons designated by the Mayor and it was given exclusive control of and sole responsibility for the administration of home relief and work relief within the city (L. 1933, ch. 259; cf. 48 N. Y. St. Dept. Rep. 283). Appellants' compensation was fixed by the Mayor (*Matter of Kraus* v. *Singstad,* 250 App. Div. 384, 387, mod. 275 N. Y. 302), and his designees appointed and had the power to discharge them, all in fulfillment of an obligation described by the Legislature as primarily municipal (L. 1931, ch. 798, § 1; cf. *Bensonhurst Nat. Bank* v. *City of New York,* 252 App. Div. 689, affd. 277 N. Y. 722; and, see, Emergency Relief in the State of New York — Statutes, Regulations, and Opinions and Interpretations of Counsel [2d ed.], Nov., 1934, pp. 11, 23, 25, 42). Our conclusion, however, can avail only Seligman, since this proceeding, so far as it relates to the other appellants, was instituted more than four months after their demands were refused (Civ. Prac. Act, § 1286). On the present record we cannot determine, as did Special Term, that appellants' service for the bureau was illegal, and do not reach this point, since the Board has not urged such illegality. We agree with Special Term that no case against the respondent New York City Employees' Retirement System is made out.

Accordingly, the order entered April 9, 1962, dismissing appellants' petition under article 78 of the Civil Practice Act, should be modified, on the law and on the facts, to the extent of granting the petition as to appellant Thomas Seligman only, and only as against Teachers' Retirement Board of the City of New York, and as so modified the order should be affirmed, without costs. Settle order on notice.

BOTEIN, P. J., BREITEL, RABIN, EAGER and STEUER, JJ., concur.

Order entered April 9, 1962, dismissing appellants' petition under article 78 of the Civil Practice Act, unanimously modified, on the law and on the facts, to the extent of granting the petition as to appellant Thomas Seligman only, and only as against Teachers' Retirement Board of the City of New York, and as so modified, the order is affirmed, without costs. Settle order on notice.